**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JESUS BALTIERRA ROCHA,
Petitioner,
v.
PATRICK DIVVER, *et al.*,
Respondents.

Case No. 26-cv-04205-BAS-MSB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Jesus Baltierra Rocha filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he has been detained without bond when he should be subject to discretionary detention under 8 U.S.C. § 1225(b). (ECF No. 1.) In addition, Petitioner claims he has been subject to prolonged detention. (*Id.*) The Government provides evidence that Petitioner is subject to a final order of removal and thus is subject to mandatory detention under § 1231. (ECF No. 4.) Petitioner does not reply. For the reasons stated below, the Court **DENIES** the Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner was originally arrested for illegal entry on July 9, 2008. (ECF No. 4, Ex. 1.) An Immigration Judge ordered him removed to Mexico, which was accomplished on July 21, 2008. (*Id.*, Exs. 2, 3.) Immigration and Customs Enforcement ("ICE") re-arrested Petitioner on January 20, 2026, after he again illegally entered the United States. (ECF No. 1.) On April 9, 2026, Petitioner moved to reopen his removal proceedings and to apply for asylum and withholding of removal. (*Id.*) An Immigration Judge denied these requests. (ECF No. 4, Exs. 4, 5.) Petitioner has appealed the Immigration Judge's ruling. However, he is still subject to a final order of removal unless or until the motion to reopen is successful.

## III. ANALYSIS

To the extent Petitioner argues he should have a bond hearing under 8 U.S.C. § 1225(b), he is incorrect. Because he is subject to a final order of removal, he is subject to mandatory detention under 8 U.S.C. § 1231(a). *See Diouf v. Napolitano*, 634 F.3d 1081, 1085 (9th Cir. 2011) ("Section 1231(a)(6) encompasses aliens such as Diouf, whose collateral challenge to his removal order (a motion to reopen) is pending in the court of appeals, as well as to aliens who have exhausted all direct and collateral review of their removal orders but who, for one reason or another, have not yet been removed from the United States."), *abrogated on other grounds as recognized in Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022).

The Supreme Court has ruled that an individual subject to a final order of removal can raise a claim of unreasonably prolonged detention. *Zadvydas v. Davis*, 533 U.S. 678

(2001); *see also Clark v. Martinez*, 543 U.S. 371, 386 (2005). After six months of detention without removal, "once [a non-citizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Petitioner in this case fails to meet the first prong. He fails to provide a reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. In fact, he has been removed to Mexico in the past. He could be removed again immediately but for his attempt to reopen his previous removal proceedings. If the Board of Immigration Appeals affirms the Immigration Judge's refusal to reopen the proceedings, Petitioner could be removed immediately. Thus, he is not facing a potentially indefinite detention like that faced by the two petitioners in *Zadvydas*.

## IV. CONCLUSION

Because Petitioner is subject to mandatory detention under § 1231, and because he fails to show that there is no significant likelihood of his removal in the reasonably foreseeable future, the Petition seeking release or a bond hearing is **DENIED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: August 7, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**